ROBERT L. BLAND, Judge,

dissenting in part.

Upon its face the total claim involved in this case would seem to be possessed of merit. In its consideration I have been greatly perplexed. I have concurred in so much of the whole claim as would recommend to the Legislature an appropriation in favor of claimant of the unpaid balance of rental due to her for the occupation of the demised premises at Clarksburg, that is to say, the sum of two hundred and twenty-five dollars ($225.00).
I would be pleased if I could see my duty in a way that would enable me to vote for the residue of the claim amounting to $600.00. I have no hesitancy in saying that if the case were an action between private persons in a court of law of the state a judgment in favor of the plaintiff against the defendant would be upheld. I am constrained to think, however, that the award made by majority members of the court in favor of the claimant for the further sum of $600.00 is in contravention of section 6 of article X of our state constitution. That section reads as follows:
“The credit of the state shall not be granted to, or in aid of any county, city, township, corporation or person; nor shall the state ever assume or become responsible for the debts or liabilities of any county, city, township, corporation or person; nor shall the state ever hereafter become a joint owner, or stockholder in any company or association in this state or elsewhere, formed for any purpose whatever.”
It seems to me that the said award for the said sum of $600.00 is in effect a grant of the credit of the state in favor of claimant. It amounts to an indemnity. It circumvents the constitutional inhibitions and nullifies the organic law of the state. It is urged that there is a moral obligation of the state to pay such sum of $600.00. May a moral obligation take precedence over an express constitutional inhibition? I think not.
For the reasons hereinbefore set forth I respectfully note this dissent to the award in the sum of $600.00.